NAPPI et v. WILSON

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1474. Decided Oct. 20, 1926

Judges Pardee, Washburn & Funk, 9th Dist. sitting.

505a. FALSE IMPRISONMENT — Where defendant had the plaintiff imprisoned without legal proceedings and in so doing, acted wantonly, without probable cause and in reckless disregard of plaintiff's rights; and plaintiff was released by reason of defendant's failure to institute legal proceedings, the jury may award plaintiff exemplary damages even though the defendant was not actuated by malice in the sense of ill will or evil design.

WASHBURN, J.

Peter and Fannie Nappi owned a shoe store in the city of Columbus and a person using the name of Miller purchased from them a pair of shoes and induced them to cash a forged check obtaining the shoes and a sum of money.

Mathew Wilson operated a barber shop near the shoe store of Nappi and he was accused of being the person who committed said crime. Nappi had a police officer arrest Wilson who was held in jail overnight and exhibited to several persons in an effort to identify him as a person who had recently committed similar offenses in Columbus. Nappi failed to prefer written charges against Wilson and the latter was released from prison.

Wilson sued Nappi in the Franklin Common Pleas to recover damages for his alleged wrongful acts in causing the arrest and imprisonment. A verdict was returned and judgment rendered thereon in favor of Wilson. Wilson, in his petition, alleged that plaintiffs in error falsely accused him of making, issuing and using a forged check and obtaining money thereon, causing him to be imprisoned and deprived of his liberty; and that said accusation was known by the Nappis to be false and was maliciously done without probable cause.

Plaintiffs in error prosecuted error and claimed that the court erred in its charge by saying that "if probable cause is not shown and proven, the jury will be warranted in finding that malice was present."

The court also instructed that "for a wrongful act in malicious prosecution in a case involving elements of malice and insult - - - the jury may include exemplary damages - - - -" It is contended that the action was for false imprisonment in which malice was not a necessary element and that the charge was erroneous in that it permitted the jury to imply malice from want of probable cause and award exemplary damages although there was no actual malice or ill will on part of plaintiffs in error. The Court of Appeals held:

1. Since forms of action were abolished by the Code, it is of little importance what the court called this cause of action, provided the charge of the court correctly stated the law applicable to the facts alleged in the pleading and supported by the evidence at the trial.

2. The action was for false imprisonment since there was no judicial proceeding or prosecution, malicious or otherwise; but there was false imprisonment although Wilson alleged want of probable cause and malice, he was not required to prove either in order to

3. In regards to the charge of the court, the claim of error is not justified when the charge is taken as a whole and considered in connection with the evidence and the manner in which the case was tried.

4. If plaintiffs in error thought that the reference to malice in the charge of the court might be construed as applying to the question of exemplary damages, they should have requested a charge that malice inferred from

want of probable cause would not authorize an award of exemplary damages.

5. Actual malice in the sense of ill will or evil design is not the only predicate upon which the allowance of exemplary damages may be based.

6. It is claimed that the court erred in admitting evidence of Wilson's good reputation in the community because Wilson did not claim damages to his reputation, and general character was not involved in the case.

7. The court did not err in this matter for this evidence was not admissible on the question of probable cause, the evidence showing that one of the plaintiffs in error knew Wilson, that they were engaged in business in the same vicinity and each knew the other lived in the same community so that it is clear that Wilson made out a prima facie case charging plaintiffs in error with a knowledge of his good reputation at the time the wrongful acts complained of were committed. 102 OS. 153.

8. The wrong done, was wanton and without excuse and under the circumstances the jury's discretion is even wider than in case of compensatory damages, so that it is impossible to ascertain in money the exact equivalent of the injury; and the verdict is not excessive.

Judgment affirmed.

Pardee, PJ., and Funk, J., concur.

Attorneys—Wm. J. Ford and John G. Price for Nappi et; C. M. Addison for Wilson; all of Columbus.