## WARNER v DUFFY et

Ohio Appeals, 9th Dist, Summit Co

No 2324. Decided Oct 2, 1934

Gottwald, Breiding & Hinton, Akron, for plaintiff in error.

Laybourne, Johnson & Crafts, and Arthur L. Sidnell, City Solicitor, for defendants in error.

## OPINION

### By WASHBURN, PJ.

The trial court apparently was laboring under the impression that a necessary predicate for a false imprisonment action, or one for malicious prosecution action, is the termination in favor of plaintiff of criminal proceedings, wherein plaintiff had been in legal jeopardy.

We have been unable to find Ohio authority in support of that position, although the authorities holding to the contrary are numerous.

**Douglas v Allen, 56 Oh St 156.**

In **Nappi et v Wilson, 22 Oh Ap 520, (4 Abs 766)** the defendant was held to be liable where plaintiff was arrested and deprived of his liberty **without legal proceedings,** unless the defendant could prove, as a defense, that the circumstances were such that a reasonable person, acting without prejudice, would have had probable cause for causing the arrest of the plaintiff.

In **Jones v The Wells Co., 123 Oh St 516,** where, on preliminary hearing before a magistrate, the magistrate adjourned the case indefinitely and at the same time allowed the accused to go free, and for a long time thereafter nothing further was done in the proceedings, it was held, at page 519, that—

"By such act he (the magistrate) in fact discharged the accused from custody and exhausted his jurisdiction and rendered both the affidavit and the warrant **functus officio.**"

In the instant case, if it could be said that there ever was a proceeding against the plaintiff before the mayor, it was fully terminated, and it was error for the trial judge to find otherwise.

This court is of the opinion that there was sufficient evidence in the record to require the trial court to submit to the jury the question of whether or not the defendants instigated the proceedings against plaintiff in the Federal Court, and also whether the defendants had probable cause for doing whatever they did do in that regard, or for doing what they did in reference to the arrest of plaintiff and his imprisonment at Cuyahoga Falls and in the county jail.

Judgment reversed and cause remanded.

FUNK and STEVENS, JJ, concur in judgment.